**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| KEN ROMERO, | § |
| | § |
| Plaintiff , | § |
| | § |
| v. | § CIVIL ACTION NO. G-05-483 |
| | § |
| CAJUN STABILIZING BOATS, INC., | § |
| and THE MR. COURT, | § |
| | § |
| Defendants. | § |

## ORDER TRANSFERRING VENUE TO THE WESTERN DISTRICT OF LOUISIANA

This case arises out of injuries sustained by Plaintiff Ken Romero ("Plaintiff"), a longshoreman, while he was working aboard a dry-docked vessel owned and operated by Defendant Cajun Stabilizing Boats, Inc. ("CSBI"). Now before the Court is CSBI's Motion to Dismiss for Lack of Personal Jurisdiction or Alternative Motion to Transfer Venue to the Western District of Louisiana, Lafayette/Opelousas Division. For the reasons stated below, the Court finds that it lacks personal jurisdiction over CSBI, and that CSBI's Motion is **GRANTED IN PART**. This case is hereby **TRANSFERRED** to the Western District of Louisiana, Lafayette/Opelousas Division in order to cure the want of jurisdiction and improper venue.[1]

## I. Background

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Plaintiff alleges that he was injured while working aboard the M/V MR. COURT ("MR. COURT") while it was dry-docked in New Iberia, Louisiana.  The MR. COURT is owned and operated by CSBI, a Louisiana corporation with its principal place of business in Louisiana.  At the time of the alleged accident, Plaintiff was employed by Marine Industrial Fabricators as a fitter/welder.

CBSI raises two challenges to Plaintiff's suit.  In the first instance, CSBI argues that this Court cannot exercise personal jurisdiction over it.  CSBI is a Louisiana corporation with its principal place of business in New Iberia, Louisiana.  In the alternative, CSBI argues that if this Court finds that it has personal jurisdiction, this case warrants transfer to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a).

## II.  Motion to Dismiss for Lack of Personal Jurisdiction

### A.  Legal Standard

CSBI seeks to dismiss Plaintiff's claims against it for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2).  As a  nonresident of Texas, CSBI is subject to personal jurisdiction in this District if: (1) it is amenable to service of process under Texas's long-arm statute, and (2) the exercise of personal jurisdiction over CSBI is consistent with due process.  *See Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 869 (5th Cir. 2000); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).  The Texas long-arm statute grants jurisdiction over a nonresident defendant "doing business" in Texas.  *See* TEX. CIV. PRAC. & REM. CODE § 17.042 (Vernon 1997).  The phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, and therefore the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry.  *See Ruston Gas Turbines, Inc. v. Donaldson* Co., 9 F.3d

415, 418 (5th Cir. 1993); *Williams v. Castro*, 21 F. Supp. 2d 691, 692 (S.D. Tex. 1998); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356–57 (Tex. 1990).

Whether the exercise of personal jurisdiction over CSBI is consistent with the Due Process Clause of the United States Constitution likewise requires a two-pronged inquiry.  First, the Court must conclude that the Defendant has "minimum contacts" with the forum state.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).  Second, the Court must determine that requiring Defendant to litigate in the forum does not offend "traditional notions of fair play and substantial justice."  *Id.  See also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994); *Ruston Gas Turbines*, 9 F.3d at 418.

The "minimum contacts" prong can be satisfied by finding either general or specific jurisdiction over a defendant.  *See Wilson*, 20 F.3d at 647.  A defendant's contacts unrelated to the cause of action may confer general jurisdiction, but these contacts must be both "continuous and systematic" and "substantial."  *Id.* at 647, 650–51.  A defendant's limited contact with the forum state may support specific jurisdiction if such contacts give rise to the cause of action.  *See Ruston Gas Turbines*, 9 F.3d at 419 ("A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted.").  Specific jurisdiction is proper if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239-40, 2 L. Ed. 2d 1283 (1958)).  A defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there."

*Id.* at 474, 105 S. Ct. at 2183 (citing *World-Wide Volkswagen Corp. v. Woodson*, 44 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 490 (1980)).

Generally, the plaintiff bears the burden of establishing the Court's jurisdiction over a nonresident defendant. *See Wilson*, 20 F.3d at 648. However, it is sufficient for the plaintiff to make a prima facie showing of jurisdiction, and any conflicts between affidavits are resolved in favor of the plaintiff. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990); *Guyton v. Pronav Ship Mgmt., Inc.*, 139 F. Supp. 2d 815, 818 (S.D. Tex. 2001).

*B. Minimum Contacts*

Plaintiff argues that CSBI's contacts with Texas are sufficient to support the assertion of *in personam* jurisdiction. The Court respectfully disagrees.

Plaintiff contends that CSBI is subject to personal jurisdiction in this Court based on a single fact: that CSBI does "most of [its] business every day with a Texas company." The company Plaintiff is referring to is Chevron, which Plaintiff claims is headquartered within the Southern District of Texas and is the "largest corporation in Texas." Plaintiff's claims, beyond that CSBI does business with Chevron, are unsubstantiated. First, Chevron is headquartered in San Ramon, California. Second, it is a Delaware corporation with its registered office in Wilmington, Delaware. Finally, when CSBI deals with Chevron personnel, it is with Chevron's Lafayette, Louisiana office or its field office in St. Mary's Parish, Louisiana. CSBI does not do business with a Texas office of Chevron. The minimum contacts analysis can be satisfied by a finding of either specific or general jurisdiction. *See Wilson*, 20 F.3d at 647. The specific jurisdiction analysis focuses on the defendant's contacts related to the cause of action and the forum. *See Smirch*, 164 F. Supp. at 906–07. Plaintiff has not alleged any contacts by CSBI in Texas or directed towards Texas that are

-4-

related to the cause of action, nor has Plaintiff alleged any contacts on the part of CSBI, which would cause CSBI to reasonably anticipate being haled into a Texas court. None of CSBI's dealings and communications with Chevron gave rise to the causes of action in this case. The Court finds no evidence warranting the exercise of specific personal jurisdiction.

The general personal jurisdiction inquiry focuses on whether the defendant's unrelated contacts with the forum are sufficiently continuous, systematic, and substantial to satisfy the requirements of due process. *See id.* at 906–07. When determining whether CSBI's contacts confer general jurisdiction, they must be examined collectively. *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986). As previously stated, Plaintiff has provided only one fact, that CSBI does substantial business with Chevron, which conducts business in Texas. The Court acknowledges that CSBI's business relationship with Chevron is substantial, but it arises out of CSBI's and Chevron's activities in Louisiana, not Texas. A business relationship with a nonparty corporation wholly unrelated to the events giving rise to the instant lawsuit is insufficient to constitute the kind of continuous, systematic, and substantial contacts necessary for the Court to exercise general personal jurisdiction over a given defendant. Plaintiff offers no authority for this position, and the Court has failed to find any in the relevant case law.

In *Smirch v. Allied Shipyard, Inc.*, this Court noted that similar types of contacts were not sufficient to establish the minimum contacts necessary to comport with constitutional due process. *See Smirch*, 164 F. Supp. 2d at 907. In *Smirch*, this Court found that although the Defendant has contracted with Texas residents and engaged in communications with Plaintiffs in Texas, these contacts were insufficient to justify the assertion of either general or specific jurisdiction. *Id.* at 907–11. There is no evidence that CSBI has done anything similar, such as contracting with Texas

-5-

residents or Texas corporations, or engaging in communications with such individuals.  CSBI's business relationship with Chevron, a nonparty corporation that does business in Texas, is not sufficient to constitute the kind of continuous, systematic, and substantial contacts necessary for the Court to exercise general personal jurisdiction in a manner that comports with due process.

Additionally, all other facts support the Court's conclusion that it lacks either specific or general personal jurisdiction over CSBI.  First, CSBI is a Louisiana corporation with its principal place of business in New Iberia, Louisiana.  Second, CSBI is not a resident of Texas and is not required to maintain a registered agent for service of process in Texas, and it has no office, employees or agents in Texas.  Third, CSBI does not engage in business in the State of Texas, nor is there any evidence that it has committed any torts in this State.  Fourth, CSBI does not own, rent or lease any property in Texas.  Fifth, CSBI does not sell or distribute any products in Texas.  Sixth, it does not deposit any money into any banks in Texas.  Seventh, it has never directed any advertisements or direct mailings towards Texas, nor has it ever paid taxes to Texas.  Finally, it does not operate its vessels in Texas waters, but rather, solely in the inland waters of Louisiana.  CSBI's unrelated contacts with this forum are essentially nonexistent, and are "clearly not demonstrative of a continuous and systematic presence in Texas."  *Id.* at 910.

### 2. *Fair Play & Substantial Justice*

Given that the Court has determined unequivocally that CSBI lacks the requisite minimum contacts with Texas, there is no need to examine the second prong of the two-part inquiry.  However, even if the Court were to find that minimum contacts existed, it would still be compelled to find that it lacks jurisdiction over CSBI.  Both prongs of the personal jurisdiction analysis must be satisfied, and the exercise of personal jurisdiction over a nonresident defendant will fail to satisfy the

requirements of due process if it offends traditional notions of fair play and substantial justice. *See Int'l Shoe*, 326 U.S. at 316, 66 S. Ct. at 158. The relationship between the defendant and the forum state must be such that it is reasonable for the corporation to be required to defend the particular suit. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 292, 100 S. Ct. at 564–65. To determine whether the exercise of jurisdiction is consistent with notions of fair play and substantial justice, the Court considers the following factors: the defendant's burden; the forum state's interest in resolving the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies. *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1032–33, 94 L. Ed. 2d 92 (1987); *World-Wide Volkswagen*, 444 U.S. at 292, 100 S. Ct. at 564–65.

It would be unreasonable to require CSBI to litigate this dispute in Texas. Plaintiff's alleged injuries resulted from activity that took place solely in Louisiana allegedly due to the negligence of a Louisiana company that operates in Louisiana only. The vast majority of witnesses reside in Louisiana. The residents of Texas have little if any interest in the outcome of this case, whereas the residents of Louisiana clearly have an interest in the resolution of this dispute. Finally, it is clear that the interstate judicial system's interest in obtaining the most efficient resolution of controversies would be best served by allowing this case to proceed in Louisiana. This case has absolutely no connection to this Court, this Division or this District, and to exercise personal jurisdiction over CSBI would offend traditional notions of fair play and substantial justice.

After careful consideration of CSBI's contacts with Texas and the due process ramifications of subjecting CSBI to suit in Texas, the Court finds that personal jurisdiction does not exist over CSBI. **III.  Transfer to Cure Want of Jurisdiction and Improper Venue**

Once a district court determines that it lacks personal jurisdiction, it is within its discretion to transfer the case to a court of proper jurisdiction and venue if it finds that it is within the interests of justice to do so.  *See* 28 U.S.C. §§ 1404(a), 1406(a), 1631.  *See also Goldwar, Inc. v. Heiman*, 369 U.S. 463, 465, 82 S. Ct. 913, 916, 8 L. Ed. 2d 39 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (finding that once a district court finds that it lacks personal jurisdiction it possesses "broad discretion" in deciding whether to dismiss or transfer the case); *Bentz v. Recile*, 778 F.2d 1026, 1027–28 (5th Cir. 1985) (finding transfer under § 1404(a) or § 1406(a) appropriate if the district court finds it lacks personal jurisdiction); *Arriaga v. Imperial Palace, Inc.*, 252 F. Supp. 2d 280, 387–88 (S.D. Tex. 2003) (transferring case pursuant to both § 1406(a) and § 1631 after finding that the court lacked personal jurisdiction over defendant); *Smirch*, 164 F. Supp. 2d at 913–14 (transferring case pursuant to § 1404(a) after finding lack of personal jurisdiction); *Williams*, 21 F. Supp. 2d at 694 (transferring case pursuant to § 1631 after finding lack of personal jurisdiction).

If a court finds that it lacks jurisdiction over a particular controversy, it may transfer the action to any such court in which the action could have been brought at the time it was filed if it is in the interests of justice to do so.  *See* 28 U.S.C. § 1631. Additionally, if a court determines that the plaintiff has brought a case in the wrong venue, the Court may at its discretion and in the interest of

justice transfer the case to any district or division where it could have been brought.  *See* 28 U.S.C. § 1406(a).  In his Complaint, Plaintiff alleges that venue in this Court is proper because CSBI does a substantial amount of its business in this Division and this District.  The facts now demonstrate that this allegation is untrue, and that this Court, in addition to lacking personal jurisdiction over CSBI, is an improper venue for this case.  *See* 28 U.S.C. § 1391(b).

In its Alternative Motion to Transfer, CSBI has shown that this action could have been brought in the Western District of Louisiana, Lafayette-Opelousas Division, that the courts in that division  would have personal jurisdiction over CSBI, and that venue would be proper.  The Court finds that it is in the interests of justice to transfer this case instead of dismissing it in its entirety, so as to eliminate the need for Plaintiff to refile his claims and be further delayed in receiving redress for his alleged injuries.  Moreover, requiring Plaintiff to refile his claims would amount to a waste of judicial resources.  In deciding to transfer this case, the Court recognizes that Plaintiff has a valid cause of action against CSBI and loses nothing but his choice of forum.  "Plaintiff can still assert all of his claims in a forum in which it is fair to require both sides to present their case." *Id.*  Therefore, pursuant to 28 U.S.C. . § 1406(a) and § 1631, this case is hereby **TRANSFERRED** to the Western District of Louisiana, Lafayette-Opelousas Division, to cure the lack of jurisdiction and improper venue.

## IV.  Conclusion

The Court concludes that Plaintiff has failed to establish a prima facie showing of jurisdiction over CSBI, and that the Court lacks either specific or general *in personam* jurisdiction over CSBI.  The Court further finds that it is in the interests of justice to transfer this case to the Lafayette/Opelousas Division of the Western District of Louisiana to cure the want of jurisdiction

pursuant to 28 U.S.C. § 1631 and improper venue pursuant to 28 U.S.C. § 1406(a).  For these reasons, and those outlined above, CSBI's Motion is **GRANTED IN PART**, and it is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Lafayette/Opelousas Division.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 14th day of February, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge